# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>ACORN REAL PROPERTY ACQUISITION, INC.,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 22-42718 (JMM)<br><br>Hon. Jil Mazer-Marino |

**ORDER GRANTING MOTION OF ACORN REAL PROPERTY ACQUISITION, INC. FOR ENTRY OF AN ORDER APPROVING BID PROCEDURES FOR SALE OF THE REAL PROPERTY LOCATED AT 3751 MARTIN LUTHER KING JR. DRIVE SW, ATLANTA, GEORGIA**

Upon consideration of the *Motion Of Acorn Real Property Acquisition, Inc. For Entry Of An Order Approving Bid Procedures For Sale Of The Real Property Located At 3751 Martin Luther King Jr. Drive SW, Atlanta, Georgia* (the "Motion")[1], and there being good and sufficient cause shown, it is hereby:

**ORDERED AND DECREED** as follows:

1. The Motion is GRANTED.

2. The Bid Procedures are hereby approved. The failure to specifically include or reference any particular provision of the Bid Procedures in the Motion or this Order shall not diminish or otherwise impair the effectiveness of such procedures, it being this Court's intent that the Bid Procedures are approved in their entirety, except as set forth in this Order.

3. Any objections to the Motion or the relief granted by this Order that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled and denied on the merits with prejudice.

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Motion [Docket No. 130].

4. The Secured Creditor shall have the right to credit bid all or a portion of the value of such Secured Creditor's claim in the amount of $12.9 million within the meaning of section 363(k) of the Bankruptcy Code, and the Secured Creditor shall therefore be considered a Qualifying Bidder and such Credit Bid shall be considered a Qualifying Bid.

5. The Bid Procedures shall apply to the Potential Bidders, the Qualifying Bidders, the submission, receipt, and analysis of all bids relating to the sale of the Property, the conduct of such sale and the Auction.

6. The Debtor is hereby authorized to conduct the Auction pursuant to the terms of the Bid Procedures and this Order.

7. Any objections to the sale of the Property or the relief requested in connection with such a sale (a "<u>Sale Objection</u>") must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) set forth the specific basis for the Sale Objection; (d) be filed with the Clerk of this Court, together with proof of service, on or before **<u>4:00 p.m. ET on September 18, 2023</u>** (the "<u>Sale Objection Deadline</u>"); and (e) be served, so as to be actually received on or before the Sale Objection Deadline, upon Weinberg Zareh Malkin Price LLP, Attention: Adrienne Woods, Esq., 45 Rockefeller Plaza, 20th Floor, New York, New York 10111, awoods@wzmplaw.com. If a Sale Objection is not filed and served on or before the Sale Objection Deadline in accordance with the foregoing requirements, the objecting party shall be barred from objecting to the sale of the Property and shall not be heard at the Sale Hearing, and this Court may enter the Sale Order without further notice to such party.

8. Failure to file a Sale Objection on or before the Sale Objection Deadline (a) may forever bar the assertion, whether at any Sale Hearing or thereafter, of any objection to the Motion, to entry of the Sale Order, and/or to the consummation and performance of the sale of the Property, and (b) for purposes of section 363(f)(2) of the Bankruptcy Code, shall be deemed to be "consent"

to entry of the Sale Order and consummation of the sale of the Property and all transactions related thereto.

9. Any Potential Bidders (including any potential bidders who become Qualifying Bidders) shall: (a) be deemed to have waived any right to a jury trial in connection with, and consented and submitted to the exclusive jurisdiction of the Court over, any actions or proceedings arising from or relating the Bid Procedures, the sale of the Property, the Auction and the construction and enforcement of the contemplated transaction documents of such parties, (b) bring any such action or proceeding in the Court, and (c) be deemed to have consented to the Court entering a final judgment determining any such action or proceeding and that such final judgment in any such action or proceeding, including all appeals, shall be conclusive and may be enforced in other jurisdictions (including any foreign jurisdictions) by suit on the judgment or in any other manner provided by applicable law.

10. Other than in the case of a bid submitted by the Credit Bid of the Secured Creditor, in order to be deemed a "Qualifying Bid," a bid must be (i) received from a Qualifying Bidder on or before the Bid Deadline; (ii) exceed the Secured Lender's bid in the amount of $13,060,000, comprised of its Credit Bid in the amount of $12,900,000, plus payment of prepetition taxes in the amount of $95,000, plus a carveout in the amount of $65,000) by $75,000; and (iii) satisfy each of the Bid Requirements.

11. Each Qualifying Bidder submitting a bid shall be deemed to: (a) acknowledge and represent that it is bound by all terms and conditions of the Bid Procedures; and (b) have waived the right to pursue a substantial contribution claim under section 503 of the Bankruptcy Code related in any way to the submission of its bid, the Bid Procedures, and the sale of the Property.

12. If no timely Qualifying Bids are submitted on or before the Bid Deadline, the Debtor shall not hold an Auction and shall request at the Sale Hearing that the Secured Creditor be deemed the Successful Bidder.

13. If Debtor timely receives one or more Qualifying Bids other than the Secured Creditor's Qualifying Bid, then the Debtor shall conduct the Auction on **September 14, at 1:00 p.m. EDT** (via Zoom). Bidding initially shall be conducted in $50,000 increments, which increments may be adjusted by the Debtor in its sole and absolute discretion to maximize the value fo the estate. Following the Auction, the Debtor will determine, which Qualifying Bid is the highest or best bid for the Property (the "Successful Bid"). In making this decision, the Debtor shall consider the amount of the purchase price, the likelihood of the bidder's ability to close a transaction and the timing thereof, and the net benefit to the Debtor's estate. The bidder submitting such Successful Bid, which may be the Secured Creditor via its Credit Bid, shall become the "Successful Bidder". The Debtor may, in its sole discretion, designate Back-Up Bids (and the corresponding Back-Up Bidders) to purchase the Property in the event that the Successful Bidder does not close the sale.

14. The Sale Hearing shall be held by this Court on **September 20, 2023, at 1:00 p.m. ET.**

15. In the event that there is a conflict between: (a) this Order or the Bid Procedures, on the one hand, and the Motion, or any purchase agreement, on the other hand, this Order and the Bid Procedures shall control and govern.

16. All persons or entities that participate in the bidding process shall be deemed to have knowingly and voluntarily: (a) consented to the entry of a final order by this Court in connection with the Motion or this Order (including any disputes relating to the bidding process, the Auction and/or any sale of the Property) to the extent that it is later determined that this Court,

absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution; and (b) waived any right to jury trial in connection with any disputes relating to the any of the foregoing matters.

17. This Order shall be binding on any trustees, examiners, or other fiduciary under any section of the Bankruptcy Code, if any, subsequently appointed in the Debtor's bankruptcy case or upon a conversion to chapter 7 under the Bankruptcy Code of the Debtor's case.

18. This Order shall be effective immediately upon entry, and any stay of orders provided for in Bankruptcy Rule 6004(h) or any other provision of the Bankruptcy Code, the Bankruptcy Rules or the Local Rules is expressly waived. The Debtor is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and may, in their sole discretion and without further delay, take any action and perform any act authorized or approved under this Order.

19. The requirements set forth in Local Rules 6004-1, 9006-1 and 9013-1 are hereby satisfied or waived.

20. The Debtor shall serve a copy of this Order, together with the Bid Procedures approved hereby, by regular mail and by electronic mail, where available, no later than August 25, 2023, upon: (i) all creditors; (ii) all persons who have requested notice in these proceedings; and (iii) any person who has expressed an interest in the Property.

21. The Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

Dated: August 28, 2023
Brooklyn, New York



_____
Jil Mazer-Marino
United States Bankruptcy Judge