**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ACORN REAL PROPERTY ACQUISITION, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 22-42718 (JMM) |

## ORDER APPROVING MOTION OF ACORN REAL PROPERTY ACQUISITION, INC. FOR ENTRY OF AN ORDER APPROVING SALE OF THE REAL PROPERTY OF THE DEBTOR LOCATED AT 3751 MARTIN LUTHER KING, JR DRIVE SW, ATLANTA, GEORGIA

Upon consideration of the motion (the "**Motion**")[1] **[Docket No. 131] (JMM)** of the above-captioned debtor and debtor in possession (the "**Debtor**"), pursuant to sections 105(a), 363, 503 and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "**Bankruptcy Code**"), Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2002-1 and 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of New York (the "**Local Rules**"), for the entry of an order (this "**Sale Order**") (a) authorizing and approving the sale of the Property from the Debtor to Legacy Lending LLC or its nominee (collectively, the "**Buyer**") pursuant to section 363(k) of the Bankruptcy Code, (the "**Sale**"), (b) authorizing the Debtor to consummate the Sale, and (c) granting other related relief; and the Court having entered on August 28, 2023 that certain *Order Granting Motion Of Acorn Real Property Acquisition, Inc. For Entry Of An Order Approving Bid Procedures For Sale Of The Real Property Located At 3751 Martin Luther King Jr. Drive SW, Atlanta, Georgia* [Docket No. 140] (the "**Bidding Procedures Order**"); and

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Transaction Documents (as defined below), or to the extent not defined therein, the Bidding Procedures Order (as defined below) or the Motion.

the Debtor having determined that the highest and otherwise best offer for the Property was made by the Buyer; and the Court having conducted a hearing on September 20, 2023 (the "**Sale Hearing**"), at which time all parties in interest were offered an opportunity to be heard with respect to the Sale, to consider the approval of the Sale, and the Court having considered (i) the Motion and any objections thereto, (ii) the Sale, (iii) the arguments of counsel made, and evidence adduced, related thereto, and (iv) the full record in this Chapter 11 Case, including the record related to the hearing to consider the Bidding Procedures Order and the Sale Hearing held before the Court; and all parties in interest having been heard, or having had the opportunity to be heard, regarding the approval of the Sale, and the transactions contemplated herein; and it appearing that the relief requested provided for herein is in the best interests of the Debtor, its bankruptcy estate, its creditors, and other parties in interest in this Chapter 11 Case; it is hereby **FOUND, CONCLUDED, AND DETERMINED THAT**:[2]

A. The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this Chapter 11 Case pursuant to Bankruptcy Rule 9014.

B. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C. This Court has jurisdiction over the Motion and over the property of the Debtor, including the Property to be sold, transferred, and conveyed pursuant to section 363**(b), (f), and (JMM)** (k) of the Bankruptcy Code, pursuant to 28 U.S.C. §§ 157 and 1334. This is a

---

[2] All findings of fact and conclusions of law announced by the Court at the Sale Hearing in relation to the Motion are hereby incorporated herein to the extent not inconsistent herewith.

core proceeding pursuant to 28 U.S.C. § 157(b)(2)**(M) (JMM)**.  Venue of this Chapter 11 Case and the Motion in this District and Court is proper under 28 U.S.C. §§ 1408 and 1409.

        D.      This Sale Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).  Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, this Court finds that there is no just reason for delay in the implementation of this Sale Order and directs entry of judgment as set forth herein.

        E.      The Property[3] is and constitutes property of the Debtor's bankruptcy estate and title thereto is vested in the Debtor's bankruptcy estate within the meaning of section 541(a) of the Bankruptcy Code. On September 9, 2022, 2 Big Legacy LLC, a Georgia limited liability company, recorded an unauthorized "Corrective Quitclaim Deed" purporting to convey a fifty (50%) percent interest in the Property to itself, with Acorn Real Property Acquisition, Inc., having and retaining the remaining fifty (50%) percent interest in the Property, which Deed was recorded at Deed Book 66122, Page 129, Fulton County, Georgia records ("**First Invalid Deed**"). On October 31, 2022, 2 Big Legacy LLC further executed and recorded a second unauthorized deed again purporting to convey a fifty (50%) percent interest in the Property to itself and others, including Christopher Flournoy, which Deed was recorded at Deed Book 66273, Page 101, aforesaid records ("**Second Invalid Deed**") (the First Invalid Deed and the Second Invalid Deed are collectively the "**Invalid Deeds**"). This Court **takes judicial notice of the Order Granting Default Judgment Against 2 Big Legacy, LLC and Christopher Flournoy entered in the adversary proceeding captioned Acorn Real Property Acquisition, Inc. v. 2 Big Legacy LLC and Christopher Flournoy, Adv. Proc. No. 22-01098(JMM), ECF No. 48.  That order (JMM)**

---

[3] A legal description of the Property is attached hereto as Exhibit 1 and is incorporated herein by reference.

~~affirmatively~~ holds that the Invalid Deeds are invalid and unenforceable as a matter of law, ~~and that any to the Invalid Deeds other than Acorn Real Property Acquisition, Inc., the Debtor herein, parties~~ **neither Christopher Flournoy nor 2 Big Legacy LLC** have ~~no~~ **any (JMM)** right, title or interest in or to the Property.

  F. As the Property is property of the Debtor's bankruptcy estate **and the Debtor is a debtor in possession as used in Bankruptcy Code section 1101(1)**, the Debtor (and only the Debtor) has the authority to sell the Property to Buyer.

  G. The statutory bases for the relief requested in the Motion and provided for herein are sections 105(a), 363(b), (f), (k), (m), and (n) and 1146 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004 and 6006, and Local Rules 2002-1 and 6004-1.

  H. On October 31, 2022 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtor has continued to maintain its business and manage its property as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

  I. This Court previously entered the Bidding Procedures Order which, among other things: (i) established certain bidding and auction procedures; (ii) scheduled the Auction (if necessary) and the Sale Hearing to consider the sale of the Property; (iii) approved the form and manner of notice of certain procedures, dates and deadlines in connection with the Bid Procedures and the Sale; and (iv) granted certain related relief.

  J. As evidenced by the affidavits of service and publication previously filed with the Court [Docket Nos. 135, 136, 148 and 149], and based on the representations of counsel at the Sale Hearing, due, proper, timely, adequate, and sufficient notice of the Motion, the Sale Hearing, the Auction and the Sale has been provided in accordance with sections 102(1) and 363

of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 9007, and 9014, and in compliance with the Bidding Procedures Order, to each party entitled to such notice. The notices described above were good, sufficient, and appropriate under the circumstances, and no other or further notice of the Motion, the Auction, the Sale, and the Sale Hearing is, or shall be, required.

   K. The Debtor has articulated good and sufficient reasons for this Court to grant the relief requested in the Motion as it pertains to the Sale and provided for herein.

   L. The Sale Notice provided all interested parties with timely and proper notice of the Sale, the Sale Hearing, and the Auction.

   M. The disclosures made by the Debtor in the Motion, the Sale Notice, and related documents filed with the Court concerning the Auction, the Sale, and the Sale Hearing were good, complete and adequate.

   N. The Bid Procedures set forth in the Bidding Procedures Order are non-collusive, proposed and executed in good faith as a result of arms'-length negotiations, designed to maximize the value of the Property, and substantively and procedurally fair to all parties.

   O. The Debtor conducted the process with respect to the Sale in accordance with, and has otherwise complied in all respects with, the Bidding Procedures Order. The sale process set forth in the Bidding Procedures Order afforded a full, fair, and reasonable opportunity for any entity to make a higher or otherwise better offer to purchase the Property.

   P. Despite the adequate marketing of the Property, the Debtor did not receive any acceptable Qualifying Bids for the Property which is the subject of Buyer's credit bid, as detailed in this Order.

   Q. The purchase price to be paid by Buyer (the "**Buyer Credit Bid**") is: (i) a credit bid of a portion of the indebtedness due and owing to Buyer (which indebtedness is secured

by the Property) **plus other consideration set forth in the Motion (JMM)**; (ii) is fair and provides greater value to the Debtor's estate than any other alternative; and (iii) constitutes reasonably equivalent value and reasonable market value for the Property.

R. The Sale contemplated thereby represents a fair and reasonable offer to purchase the Property. No other entity or group of entities has presented a higher or otherwise better offer to the Debtor to purchase the Property for greater economic value to the Debtor's bankruptcy estate than the Buyer.

S. Approval of the Motion, the Sale and the consummation of the Sale contemplated thereby is in the best interests of the Debtor, its bankruptcy estate, its creditors and other parties in interest in this Chapter 11 Case.

T. The Debtor has demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the Sale of the Property because, among other reasons, (i) the Buyer's Credit Bid constitutes the highest and best offer for the Property, (ii) the Sale and the closing thereon (the "**Closing**" and the date of the Closing, the "**Closing Date**") will present the best opportunity to realize the value of the Property, and (iii) any other transaction would not have yielded as favorable an economic result.

U. The Buyer is purchasing the Property in good faith and is a good-faith buyer within the meaning of section 363(m) of the Bankruptcy Code, and therefore is entitled to the full benefits and protections of section 363(m) of the Bankruptcy Code, and otherwise has proceeded in good faith in all respects in connection with the Sale.

V. Buyer's Credit Bid was negotiated, proposed, submitted and agreed to by the parties in good faith, from arm's length bargaining positions and without collusion and,

therefore, Buyer, including any designee or nominee, is entitled to the protections of Section 363(m) of the Bankruptcy Code with respect to the Property and for all other purposes.

W. The Sale and the transactions contemplated thereby cannot be avoided under section 363(n) of the Bankruptcy Code. The Debtor, the Buyer and their respective agents, representatives and affiliates have not engaged in any conduct that would cause or permit the Sale or the consummation of the transactions contemplated thereby to be avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code.

X. The consideration provided by the Buyer: (i) is fair and adequate, and constitutes reasonably equivalent value and fair consideration and value, under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia (including the Uniform Fraudulent Transfer Act); and (ii) will provide a greater recovery for the Debtor's bankruptcy estate and creditors than would be provided by any other reasonably practicable available alternative. The Sale was not entered into, and was not consummated, for the purpose of hindering, delaying or defrauding creditors of the Debtor under the Bankruptcy Code or under the laws of the United States, any state, territory, possession thereof, or the District of Columbia, or any other applicable law. Neither the Debtor nor the Buyer have entered into the Sale with any fraudulent or otherwise improper purpose.

Y. By consummating the Sale, the Buyer is not a mere continuation of the Debtor or its bankruptcy estate, and there is no continuity, no common identity, and no continuity of enterprise between the Debtor and the Buyer. The Buyer is not holding itself out to the public as a continuation of the Debtor. The Buyer is not a successor to the Debtor or its bankruptcy estate by reason of any theory of law or equity, and the Sale does not amount to a consolidation, merger, or de facto merger of the Buyer and the Debtor. Neither the Buyer nor any of its agents,

representatives or affiliates shall assume or in any way be responsible for any obligation or liability of the Debtor and its bankruptcy estate except as expressly provided in this Sale Order. None of the transactions contemplated by this Order, including, without limitation, the Sale, is being undertaken for the purpose of hindering, delaying, or defrauding any creditors under the Bankruptcy Code, under the laws of the United States, or under the laws of any state, territory, possession, or the District of Columbia.

Z. The Sale neither impermissibly restructures the rights of the Debtor's creditors, nor impermissibly dictates the terms of a plan of reorganization of the Debtor. The Sale does not constitute a *sub rosa* plan.

AA. The Debtor is the sole and lawful owner of the Property. The Debtor, acting by and through its agents, representatives, directors, and officers, has full and exclusive corporate power and authority to execute and deliver to Buyer or its counsel all other documents contemplated hereby to effectuate the sale of the Property and the Closing of such sale, including, without limitation, Limited Warranty Deeds, Limited Warranty Bills of Sale, Assignment of Leases, Assignment of Condominium Rights, Notice Letters to Tenants, Closing Statement, and any and all other documents necessary to implement and effectuate the sale of the Property to Buyer (collectively, the "**Transaction Documents**"), and the Debtor require no further consents or approvals to consummate the Sale and transfer of the Property to Buyer.

BB. The transfer of the Property to the Buyer will be, as of the Closing Date, a legal, valid, and effective transfer of such assets, and vests or will vest the Buyer with all right, title, and interest to the Property free and clear of all claims, interests, liens and/or encumbrances (the "**Encumbrances**") other than: (i) the Reservation of Rights for any potential mechanics' lien claim of Powell Construction LLC ("**Powell**") set forth in paragraph 2 of this Order (the "**Powell**

**Carve Out**"); and (ii) those Encumbrances to be reasonably approved by the Buyer prior to the Closing Date, including, without limitation, those general easements not adversely affecting the Property, the pre-petition ad valorem taxes and assessments for the calendar year 2022 owed to the City of Atlanta and Fulton County, Georgia under tax parcels 14F-0015-0004-032-7 (account number 1672759) and 14F-0015-0004-047-5 (account number 5999505), in the approximately current combined amount of $93,488.94 together with updated interest and penalties owed to the taxing authorities due up to the date of payoff of such taxes for calendar year 2022, and that certain loan secured by, and recorded against, the Property held by Buyer, as lender therein, in the original principal sum of $11,900,000.00 (collectively, the "**Permitted Encumbrances**").

    CC. The Debtor may sell the Property free and clear of all Encumbrances (other than the Powell Carve Out and the Permitted Encumbrances to be reasonably approved by Buyer prior to the Closing Date as stated herein), because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Those holders of Encumbrances against the Debtor, its bankruptcy estate, or the Property who filed objections to the Sale or Motion which have been subsequently denied, or did not object to the Sale or Motion, or who subsequently withdrew their objections to the Sale or the Motion, shall be deemed to have consented thereto pursuant to section 363(f)(2) of the Bankruptcy Code. If the Sale were not free and clear of all Encumbrances other than Permitted Encumbrances and/or the Powell Carve Out, or if the Buyer would, or in the future could, be liable for any Encumbrances other than the Powell Carve Out or the Permitted Encumbrances, the Buyer would not have entered into this transaction and would not consummate the Sale, thus adversely affecting the Debtor, its bankruptcy estate, and its creditors.

DD. Except as otherwise provided herein, the Buyer shall not be responsible for any Encumbrances, other than Permitted Encumbrances and possibly the Powell Carve Out. A sale of the Property, other than one free and clear of all Encumbrances other than Permitted Encumbrances and the Powell Carve Out, would yield substantially less value for the Debtor's estate, with less certainty, than the Sale as contemplated. Therefore, the Sale contemplated herein is in the best interests of the Debtor, its estate and creditors, and all other parties in interest.

EE. The Sale must be approved and the Closing must occur promptly to preserve the value of the Property and the Debtor's bankruptcy estate.

FF. Given the adequacy and fair value of the consideration provided by the Buyer herein, the Sale constitutes a reasonable and sound exercise of the Debtor's business judgment, is in the best interests of the Debtor, its bankruptcy estate and its creditors and other parties in interest in this Chapter 11 Case, and should be approved.

GG. The consummation of the Sale is legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f), 363(k) and 363(m) of the Bankruptcy Code, and all of the applicable requirements of such sections have been complied with in respect of the Sale.

HH. Time is of the essence in effectuating the Sale and proceeding with the transactions contemplated therein without interruption. Accordingly, cause exists to waive the stay to the extent necessary, as contemplated by Bankruptcy Rules 4001(a), 6004(h), and 6006(d) to permit the immediate effectiveness of this Sale Order.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The relief requested in the Motion is granted as set forth herein.

2. Except as otherwise provided for herein, any and all objections and responses to the Motion that have not been withdrawn, waived, settled, or resolved, and all

reservations of rights included therein, are hereby overruled in their entity and denied on the merits. Notwithstanding anything contained herein to the contrary, the validity, priority and extent of any interest in and to the Property asserted by Powell for any claim attributable to work, labor, and materials provided by Powell to or for the benefit of the Property for the period after May 23, 2022 (and only for that time frame) are expressly preserved, subject to any and all claims, defenses, offsets, counterclaims that either the Debtor and/or the Buyer may have under applicable law. Furthermore, this Court shall retain jurisdiction to hear and/or adjudicate any disputes regarding the Powell Carve Out to the extent not otherwise resolved by the parties. For the avoidance of doubt, all rights of the Debtor and/or Buyer to contest, challenge or otherwise dispute the validity, priority and extent of any interest in and to the Property asserted by Powell are expressly reserved and preserved.

3. Notice of the Motion, the Auction, the Sale Hearing, and the Sale was fair and equitable under the circumstances, and complied in all respects with section 102(1) of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, and 6006, and the Local Rules.

A. **Approval of the Sale of the Property**

4. The Sale, including all other ancillary documents, and all of the terms and conditions thereof, are hereby approved in all respects.

5. Pursuant to section 363(b) of the Bankruptcy Code, the Debtor, acting by and through its agents, representatives, directors and officers, are authorized and empowered to take any and all actions necessary or appropriate to: (a) consummate and close the Sale pursuant to and in accordance with the terms and conditions of this Sale Order; (b) transfer and assign all right, title, and interest to the Property (as well as any property, licenses, and rights to be conveyed therewith in accordance with the terms and conditions of this Sale Order, including, but not limited to, all tenant leases, security deposits, utility deposits, equipment, fixtures, service contracts (with

Buyer to determine which service contracts it will retain after closing), trademarks and tradenames associated with the operation of the Property, building guaranties and warranties, permits and licenses, rights under any applicable insurance policies, any rights in any condominium regime (and to cause any other parties claiming any interest therein to transfer same over to Buyer) and all other applicable rights and interests, including proceeds, products, substitutions and accessions thereto, a list of which shall be provided by Debtor prior to the Closing Date and which will then be assumed by Debtor and assigned to Buyer at Closing); and (c) execute and deliver, perform under, consummate, and implement this Sale Order and any and all additional instruments and documents that may be reasonably necessary or desirable to implement this Sale Order, and the Sale, including, without limitation, the Transaction Documents as well as any other ancillary documents as may be reasonably necessary or appropriate to the performance of the obligations as contemplated by this Sale Order.

6. This Sale Order shall be binding in all respects upon: (i) the Debtor; (ii) its bankruptcy estate; (iii) all creditors of the Debtor and other parties in interest; (iv) any and all parties claiming an interest in the Property, including, without limitation, Standing Ovation Renovations LLC, Medley & Associates, 2 Big Legacy LLC, 2 Big Holdings LLC, Christopher O. Flournoy, Dexter Hull, Regina Curtis, Darren Keys, Joanna Alejandra Burley, Alvarez Investment Group, LLC, Flip Funding, Property Choice Realty, Leonard Medley and Edgar Nelson, Inc.; (v) all holders of equity interests in the Debtor; (vi) all holders of any Encumbrances against the Debtor; (vii) any holders of Encumbrances against or on all or any portion of the Property, including, Powell to the extent of the Powell Carve Out; (viii) all counterparties to any executory contract or unexpired lease of the Debtor; (ix) any and all of the agents, representatives, employees, successors or assigns, attorneys or anyone acting on behalf of the parties identified in

subparts (i) thru (viii); (x) the Buyer and all agents, representatives, affiliates, and permitted successors and assigns of the Buyer; and (xi) any trustees, examiners, or other fiduciary under any section of the Bankruptcy Code, if any, subsequently appointed in this Chapter 11 Case or upon a conversion to chapter 7 under the Bankruptcy Code of the Debtor's bankruptcy case. The terms and provisions of the Sale Order shall inure to the benefit of the Debtor, its bankruptcy estate, its creditors, the Buyer and all agents, representatives, affiliates, and permitted successors and assigns of the Buyer, and any other affected third parties, including all persons asserting any Encumbrances in the Property to be sold to the Buyer in accordance herewith, notwithstanding any subsequent appointment of any trustee(s), party, entity, or other fiduciary under any section of any chapter of the Bankruptcy Code, as to which trustee(s), party, entity, or other fiduciary such terms and provisions likewise shall be binding.

7. For any and all purposes, Buyer's Credit Bid shall be deemed to constitute reasonably equivalent value and fair consideration for the Property under the Bankruptcy Code and any other applicable law, and the Sale may not be avoided, or costs or damages imposed or awarded under section 363(n) or any other provision of the Bankruptcy Code, the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act or any other similar state laws.

8. The consummation of the Sale does not amount to a consolidation, merger or de facto merger of the Buyer and the Debtor and/or the Debtor's estate, there is not substantial continuity between the Buyer and the Debtor, there is no continuity of enterprise between the Debtor and the Buyer, the Buyer is not a mere continuation of the Debtor or the Debtor's estate, and the Buyer does not constitute a successor to the Debtor or its estate.

9. The Buyer's acquisition of the Property shall be free and clear of any "successor liability" claims of any nature whatsoever, whether known or unknown and whether

asserted or unasserted as of the time of Closing. The Buyer's operations shall not be deemed a continuation of the Debtor's business as a result of the acquisition of the Property purchased.

**B.      Sale and Transfer of Property**

10. Pursuant to sections 105(a), 363(b), 363(f), and 363(k) of the Bankruptcy Code, on the Closing Date, the Property (and to the extent owned by the Debtor, any personal property located on and used in connection with the operation of the Property) shall be transferred to the Buyer free and clear of all Encumbrances (other than Permitted Encumbrances). Except as otherwise provided in the Transaction Documents, the Buyer shall not be responsible for any Encumbrances, other than Permitted Encumbrances and possibly the Powell Carve Out.

11. On the Closing Date, this Sale Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of all of the Property (and to the extent owned by the Debtor, any personal property located on and used in connection with the operation of the Property) and/or a bill of sale transferring good and marketable title in the Property (and to the extent owned by the Debtor, any personal property located on and used in connection with the operation of the Property) to the Buyer pursuant to the terms set forth in this Sale Order.

12. Subject to the terms and conditions of this Sale Order, the transfer of the Property (and to the extent owned by the Debtor, any personal property located on and used in connection with the operation of the Property) to the Buyer in accordance herewith and the consummation of the Sale and any related actions contemplated thereby do not require any consents other than as specifically provided for in this Sale Order, constitute a legal, valid, and effective transfer of the Property (and to the extent owned by the Debtor, any personal property located on and used in connection with the operation of the Property), and shall vest the Buyer with right, title, and interest in and to the Property (and to the extent owned by the Debtor, any

personal property located on and used in connection with the operation of the Property) as set forth in this Sale Order, as applicable, free and clear of all Encumbrances other than Permitted Encumbrances and the Powell Carve Out.

13. All entities that are presently, or on the Closing may be, in possession of some or all of the Property (and to the extent owned by the Debtor, any personal property located on and used in connection with the operation of the Property) to be sold, transferred, or conveyed (wherever located) to the Buyer pursuant to this Sale Order are hereby ordered and directed to surrender possession of such property to the Buyer on the Closing Date and any entity that refuses to transfer some or all of the Property (and to the extent owned by the Debtor, any personal property located on and used in connection with the operation of the Property) sold, transferred and conveyed pursuant to this Sale Order shall be in violation and in contempt hereof.

14. Upon consummation of the Sale, if any person or entity that has filed financing statements, mortgages, security deeds, mechanic's liens, *lis pendens*, or other documents or agreements evidencing Encumbrances (other than Permitted Encumbrances) against or in the Property shall not have delivered to the Debtor prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfactions, releases of all Encumbrances (other than Permitted Encumbrances) that the person or entity has with respect to the Property, then (a) the Debtor is hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Property, and (b) the Buyer is hereby authorized to file, register, or otherwise record a certified copy of this Sale Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Encumbrances against or in the Property of any kind or nature (other than Permitted Encumbrances). For the avoidance of doubt, upon consummation of

the Sale, the Buyer is authorized to file termination statements, lien terminations, or other amendments in any required jurisdiction to remove and record, notice filings or financing statements recorded to attach, perfect, or otherwise notice any Encumbrances that are extinguished or otherwise released pursuant to this Sale Order under section 363 of the Bankruptcy Code and the related provisions of the Bankruptcy Code.  Notwithstanding anything contained herein to the contrary, the Sale and transfer of the Property to Buyer shall not be deemed to be a merger of title with any recorded security interest previously held (or currently held) by such buyer and such recorded security interest shall remain open.

15. Except to the extent included as a Permitted Encumbrances and/or the Powell Carve Out, and/or to enforce this Sale Order, all entities, including, without limitation, all of the people and entities identified in Paragraph 6 hereof, as well as any and all lenders, debt security holders, equity security holders, governmental, tax, and regulatory authorities, parties to contracts and leases, customers, employees and former employees, dealers and sale representatives, brokers and property managers, and trade or other creditors holding Encumbrances against or in the Debtor and its bankruptcy estate or the Property arising under or out of, in connection with, or in any way relating to, the transfer of the Property to the Buyer, or any entities or individuals asserting any interests in the Property, hereby are forever barred, estopped, and permanently enjoined from asserting any Encumbrances against the Buyer, the permitted successors and assigns of the Buyer, the property of the Buyer or its permitted successors and assigns, or the Property conveyed in accordance with this Sale Order.

16. As of and after the Closing, each of the Debtor's creditors is hereby authorized and directed to execute such documents and take all other actions as may be necessary to release its Encumbrances (other than Permitted Encumbrances and/or the Powell Carve Out)

in the Property (if any) as such Encumbrances may have been recorded or may otherwise exist. Any and all valid and perfected liens or interests in the Property shall attach to any proceeds of the Sale immediately upon receipt of such proceeds by the Debtor in the order of priority, and with the same validity, force and effect which they now have against the Property, subject to any rights, claims, and defenses of the Debtor, the Debtor's estate or any trustee for any Debtor, or any party (to the extent any such rights, claims, and defenses exist); *provided*, *however*, that setoff rights will be extinguished to the extent there is no longer mutuality after the consummation of the Sale in addition to any limitations on the use of such proceeds pursuant to any provision of this Sale Order.

17. The Buyer or its affiliates, successors and assigns shall not have or incur any liability to, or be subject to any action by any Debtor or any of its predecessors, successors, or assigns, arising out of the negotiation, investigation, preparation, execution, or delivery of the Transaction Documents, and the entry into and consummation of the Sale, except as expressly provided in this Sale Order.

18. Buyer shall pay on the Closing Date, the recording fees for the recordable instruments, together with the title agent/closing agent/disbursement fee. Buyer shall also pay at Closing a carve out fee in the amount of $65,000.00 to Debtor's current counsel on behalf of the Debtor's Estate. **For the avoidance of doubt, Encumbrances shall not attach to the $65,000. This payment shall be used to satisfy administrative expense claims including professional fees and reimbursement of expenses to the extent allowed by this Court (JMM).**

C. <u>Additional Provisions</u>

19. The Debtor and the Buyer hereby waive, and shall be deemed to waive, any requirement of compliance with, and any claims related to non-compliance with, the provisions of any bulk sales, bulk transfer, or similar law of any jurisdiction that may be applicable.

20. Following the Closing, no holder of an Encumbrance (other than Permitted Encumbrances and/or Powell to the extent of the Powell Carve Out) in or against the Debtor and its bankruptcy estate or the Property shall interfere with the Buyer's title to or use and enjoyment of the Property (and to the extent owned by the Debtor, any personal property located on and used in connection with the operation of the Property) based on or related to such Encumbrance or any actions that the Debtor and its bankruptcy estate may take in this Chapter 11 Case or any successor bankruptcy case(s).

21. The Debtor, including its respective directors, managers, officers, employees and agents, including counsel to the Debtor, are hereby authorized to execute such documents and do such acts as are necessary or desirable to carry out the transactions contemplated by the terms and conditions of the Transaction Documents and this Sale Order. The Debtor shall be, and hereby is, authorized to take all such actions as may be necessary to effectuate the terms of this Sale Order and the relief granted pursuant to this Sale Order. In particular, the following individuals are authorized to execute any and all documents, including, without limitation, the Transaction Documents, necessary to implement and effectuate the Sale: the Debtor's principal and/or the current bankruptcy counsel for Debtor, Adrienne Woods of Weinberg Zareh Malkin Price LLP, and each of such individuals is given such signatory authority without the additional requirement of a separate corporate resolution of the Debtor.

22. To the extent necessary or appropriate, Buyer is hereby appointed as Debtor's attorney in fact (which appointment is coupled with an interest and is irrevocable) to execute such documents and do such acts as are necessary or desirable to carry out the transactions contemplated by the terms and conditions of the Transaction Documents and this Sale Order.

23. The Sale is undertaken by the Buyer without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale (including the sale free and clear of all Encumbrances other than Permitted Encumbrances or the Powell Carve Out) unless such authorization and consummation of such Sale are duly stayed pending such appeal. The Buyer is a good-faith buyer within the meaning of section 363(m) of the Bankruptcy Code, and as such is entitled to the full benefits and protections of such section.

24. As a good-faith purchaser of the Property, the Buyer has not colluded with any of the other bidders, potential bidders, or any other parties interested in the Property, and therefore the sale of the Property may not be avoided pursuant to section 363(n) of the Bankruptcy Code.

25. All time periods set forth in this Sale Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

26. The Transaction Documents may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of this Court.

27. Notwithstanding the provisions of Bankruptcy Rules 6004(h), 6006(d) or 7062 or any applicable provisions of the Local Rules, this Sale Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry, and the fourteen (14) day stay provided in Bankruptcy Rules 6004(h) and 6006(d) is hereby expressly waived and shall not apply.

28. This Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Sale Order, the Powell Carve Out, and the Transaction Documents, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Debtor is a party or which has been assigned by the Debtor to the Buyer, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale.

Dated: October 2, 2023
Brooklyn, New York



_____
Jil Mazer-Marino
United States Bankruptcy Judge