UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
IN RE:

ACORN REAL ESTATE ACQUISITION, INC.

Case No.:22-42718-jmm

CHAPTER 11

Judge Jil Mazer-Marino

DEBTOR
-------------------------------------------------------------X

**POWELL CONSTRUCTION LLC'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER ON MOTION TO SELL**

Powell Construction, LLC ("Powell") files its motion for reconsideration of the Court's Order on Motion Approving Sale, entered on October 2, 2023, pursuant to Bankruptcy Rule 9023. Powell seeks reconsideration, and to alter or amend the Court's Order, to the extent that the Order disallows or limits Powell's claim in this matter. In support of this motion, Powell shows as follows:

**BACKGOUND**

The Debtor filed its Chapter 11 Voluntary Petition with this Court on October 31, 2022. Debtor owns real property consisting of an apartment project called Metropolitan Gardens located at 3571 Martin Luther King Drive SW, Atlanta, Georgia (the "Project"). On January 3, 2023, Powell filed Proof of Claim No. 2-1, in the amount of $1,000,000, which is attached to the Debtor's motion as Exhibit A. On October 2, 2023, the Court entered its Order Approving Sale (Doc. 166.). A portion of the Order affects Powell's claim in this matter. The Order approves the sale subject to limited exceptions, providing that the "Property will be sold free and clear of all claims, interests, liens and/or encumbrances (the "Encumbrances") other than: (i) the Reservation of

Rights for any potential mechanics' lien claim of Powell Construction LLC ("Powell") set forth in paragraph 2 of [the] Order."

Paragraph 2 of the Order provides for a carve out as follows:

> Notwithstanding anything contained herein to the contrary, the validity, priority and extent of any interest in and to the Property asserted by Powell for any claim attributable to work, labor, and materials provided by Powell to or for the benefit of the Property for the period after May 23, 2022 (and only for that time frame) are expressly preserved, subject to any and all claims, defenses, offsets, counterclaims that either the Debtor and/or the Buyer may have under applicable law.

Powell moves for reconsideration of this portion of the Order. The May 23, 2022 date referenced in Paragraph 2 is based on the Court's determination that the release discussed below bars a portion of Powell's claim. However, the Court failed to hear evidence on this issue, and failed to make findings of fact or conclusions of law which would support the determination.

Powell realizes that motions for reconsideration are disfavored and does not simply want a "second bite at the apple" to reargue matters which came before the Court at the hearing on the Motion to Approve Sale. Powell simply requests that the Court hold an evidentiary hearing to determine the parties' intentions and the appropriate scope of the subject release.

**FACTS**

1. Powell is a Georgia limited liability company authorized to transact business in the State of Georgia.

2. Powell is involved in the construction industry providing services for new construction as well as updating and refurbishing existing structures.

3. Powell was contracted to provide certain services to update and improve the Project. Powell originally contracted with Edgar Nelson, Inc., the then-Owner of the Project in 2018. Originally, the contract for the Project was set forth in an unsigned contract that was agreed to by Edgar Nelson. Powell identified the current owner of the property, the debtor, Acorn, in its Claim of Lien, because Acorn continued to use Powell's services in improving the property, as successor in a chain of title from Edgar Nelson.

4. During its performance, Powell performed general contracting services to renovate eight buildings at the Project, including buildings designated as Buildings C, D, E, F, G, H, J, and L. Powell was listed on the Building Permits as the applicant and obtained Certificates of Occupancy from the City of Atlanta for each building. When dealing with the initial owner of the property, Edgar Nelson, Inc, Powell dealt this Oluremi Oshikanlu ("Oshikanlu"), who Powell understood was a principal of Edgar Nelson, Inc.

5. Debtor freely acknowledges that Powell provided labor, materials and services for the gut out, remodel, and renovation of the Project for the benefit of Debtor.

6. Previously, Mr. Oshikanlu urged Powell to submit a proof of claim in the bankruptcy case filed by Standing Ovation Renovations LLC in the Northern District of Georgia, case no. 22-52645-wlh. Standing Ovation Renovations involved with a prior owner of the Project. The monies sought in the proof of claim submitted by Powell in the Standing Ovation Renovations case are separate and distinct from and do not duplicate the monies sought by Powell in this case.

When Powell received a payment from the Standing Ovations Bankruptcy, it was asked to execute a release (the "Release") in exchange for the payment. Powell did not intend to release its entire claim for work at the Project.

7. Powell filed a Claim of Lien (the "Lien") in the Superior Court of Fulton County, Georgia, where the property in question is located on November 3, 2022. A copy of the Lien is attached hereto as Exhibit "2". The lien spells out the scope of the Project: "COMPLETE GUT OUT, NEW REMODEL INTERIOR, NEW ROOF AND EXTERIOR MASONRY, INDIVIDUAL WATER METERS". The Lien is recorded in Lien Book 5482 at Page 46 of the records of Fulton County, Georgia. Gerald Powell attended the hearing on the Motion to Approve Sale and was prepared to provide testimony that the monies sought via the Claim of Lien, and in the Claim filed with this Court, are different from and in addition to the monies paid to Powell in connection with the Standing Ovations bankruptcy.

8. Powell was also prepared to testify concerning the scope of the Release and to provide other evidence regarding the parties' intentions concerning the release, and to support Powell's position that the Release does not bar Powell's Claim.

**ARGUMENT**

During the hearing on the Motion to Sale, Powell was represented by counsel and Gerald Powell, the principal of Powell, was prepared to testify concerning the matters before the Court.

At that time, the Court declined to hear evidence. However, the scope of the Release, and whether the Release bars the Claim in this case, are factual matters about which the Court should have received evidence.

Further, the Court should enter findings of fact and conclusions of law regarding Powell's Claim and regarding any Court imposed limitation on the amount of the Claim or the time frame for which Powell is entitled to seek compensation for its efforts.

Powell's agreements for work at the Project were originally made with Mr. Oshikanlu, who initially represented Edgar Nelson Inc, which was the owner of record of the Project at the time that Powell became involved. Oshikanlu remained involved with the Project after Edgar Nelson's ownership and throughout the time that Powell provided labor and materials to the Project.

As the Debtor notes, the property has been transferred numerous times. The transferee ownership entities, including Acorn, assured Powell that it would be paid for its performance and thereby induced his continued services to complete the renovation of the Property. One of the transferee ownership entities was Alvarez Investment Group, which engaged Standing Ovation Renovations, Inc. to perform certain work at the Project. A portion of the work that Powell performed at the Project was performed on the buildings where Standing Ovation worked.

In the Standing Ovation bankruptcy, Powell submitted a proof of claim. Later, Powell negotiated to receive a payment, and agreed to withdraw its proof of claim. Powell executed the Release, which is attached to Legacy Lending's response to Powell's objection as part of Exhibit B.

The Release is a personal release of the entities named therein—Alvarez and Standing Ovation. It does not name nor release any other entity. Further, the Release is not a Release or Waiver of Lien provided under Georgia law. See O.C.G.A. Section 44-14-366. The Release does not constitute a waiver or release of Powell's lien claim.[1] Rather, It is a personal release of Alvarez

---

[1] Under Georgia law, a lien waiver must contain specific language. See O.C.G.A. Section 44-14-366 which requires this specific langauge: NOTICE: WHEN YOU EXECUTE AND SUBMIT THIS DOCUMENT, YOU SHALL BE CONCLUSIVELY DEEMED TO HAVE WAIVED AND RELEASED ANY AND ALL LIENS AND CLAIMS OF LIENS UPON THE FOREGOING DESCRIBED PROPERTY AND ANY RIGHTS REGARDING ANY

5

and Standing Ovation, the corporate entities. Accordingly, contrary to the Court's apparent determination, including the work "successors" in the release does not release Acorn or any subsequent party involved with the Project. Rather, "successors" refers to the corporate successors of Alvarez and Standing Ovation. See, e.g., O.C.G.A. Section 34-8-153, which provides, in pertinent part, "any corporation, partnership, individual, or other legal entity who acquires by purchase, merger, consolidation, or other means substantially all of the trade, business, or assets of any employer and who thereafter continues the acquired trade or business *shall be deemed to be a successor* to the employer from whom the trade or business was acquired." Clearly, the language of the Release refers to a corporate successor as to liabilities, not a successor owner of the property where the Project is located.

The parties' intent and the facts surrounding the execution of the Release are important to determine the scope of the Release. No evidence was offered to allow the Court to enter findings regarding these issues, because the Court declined to hear any evidence. However, Powell attended the hearing and was prepared to provide just such evidence. See Transcript, p. 18.

Powell requests that the Court reconsider its ruling concerning the scope of Powell's claim and the carve out. Powell requests that the Court conduct an evidentiary hearing regarding the proper scope and interpretation of the Release, and whether the Release should in fact be construed to bar any portion of Powell's claim in this matter.

This 12th day of October 2023.

---

LABOR OR MATERIAL BOND REGARDING THE SAID PROPERTY TO THE EXTENT (AND ONLY TO THE EXTENT) SET FORTH ABOVE, EVEN IF YOU HAVE NOT ACTUALLY RECEIVED SUCH PAYMENT, 90 DAYS AFTER THE DATE STATED ABOVE UNLESS YOU FILE AN AFFIDAVIT OF NONPAYMENT PRIOR TO THE EXPIRATION OF SUCH 90 DAY PERIOD.

Note that the statute further specifically provides that: "THE FAILURE TO INCLUDE THIS NOTICE LANGUAGE ON THE FORM SHALL RENDER THE FORM UNENFORCEABLE AND INVALID AS A WAIVER AND RELEASE UNDER . O.C.G.A. § 44-14-366."

Respectfully submitted,
*/s/Richard J. Storrs*
Richard J. Storrs
Georgia Bar No. 685575
Attorney for Creditor Powell Construction, LLC
2870 Peachtree Road, Suite 212
Atlanta, Georgia 30305
(404) 285-6041
rstorrs@storrslaw.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
**IN RE:**

ACORN REAL ESTATE ACQUISITION, INC.

Case No.:22-42718-jmm

CHAPTER 11

Judge Jil Mazer-Marino

DEBTOR
-------------------------------------------------------------X

## AFFIRMATION OF SERVICE

The undersigned attorney, duly admitted to practice before this Court on a pro hac vice basis, affirms the following to be true under the penalty of perjury:

1. That he is the attorney for Creditor Powell Construction, LLC in the instant case.

2. That on the 12th day of October 2023, your affiant served a true and correct copy of the annexed pleading on:

> Rachel Wolf, Esq., U.S. Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014
>
> Adrienne Woods, **WZMP** Weinberg Zareh Malkin Price LLP, counsel for Debtor, 5 Rockefeller Plaza, 20th Floor New York, NY 10111 and via email to awoods@wzmplaw.com
>
> Lawrence J. Kotler, Esq., Duane Morris LLP, 30 S. 17th Street, Philadelphia, PA 19103 and via email to LJKotler@duanemorris.com and DSMcGerin@DuaneMorris.com.

This 12th day of October 2023.

>> Respectfully submitted,
>> /s/Richard J. Storrs
>> Richard J. Storrs

Georgia Bar No. 685575
Attorney for Creditor Powell Construction, LLC
2870 Peachtree Road, Suite 212
Atlanta, Georgia 30305
(404) 285-6041
rstorrs@storrslaw.com